(33 South. 108.)

No. 14,600.

STATE ex rel. WILLIAMS v. GRAY, Judge.

(Dec. 1, 1902.)

CRIMINAL LAW—JURISDICTION—CHANGE OF VENUE—RESCINDING ORDER.

1. A prisoner, under arrest for crime and in custody, who is removed for safe-keeping from the jail of the parish where the crime was committed to the jail of another parish, is constructively still in the former parish and under the jurisdiction and subject to the orders of the judge and sheriff of the former parish.

2. An order granting a change of venue does not become operative so as to devest the court, making the order, of jurisdiction until the papers in the case and the prisoner are transferred to the new jurisdiction.

3. This being so, until the transfer of the prisoner has been effected, it is competent for the court granting the change of venue to entertain motions relating to the order it has granted, such as new trial or reopening the proceedings for change of venue with the view of the modification or the rescinding of the first order, or substitution of another order for it.

(Syllabus by the Court.)

Application by the state, on the relation of Albert Williams, for writs of certiorari and mandamus to William J. Gray, judge. Writs made peremptory.

George Wesley Smith, for relator. Respondent judge, pro se.

BLANCHARD, J. It appears that relator was indicted in the parish of Richland for murder.

The indictment was returned in February 1902. In May following he made application for a change of venue on the ground that the public mind in the parish of Richland was inflamed against him, and because of the existence, as alleged, of prejudice so strong as to preclude a fair trial of the case.

It seems that after his arrest on the charge of murder he was removed by the sheriff of Richland parish from the jail there to the jail in the adjoining parish of Ouachita, and, later, to the jail in the parish of Lincoln.

At the time of his application he was in the latter jail, and he filed, with the application, a waiver of his right to be present at the trial of the application.

The application was granted and the trial court ordered the venue changed to the parish of Morehouse.

The parish of Morehouse is in a judicial district other than the one of which Richland parish forms a part, and a district judge, other than respondent, presides over the court in Morehouse parish.

In October 1902 the relator represented, in writing to the respondent judge, that since the change of venue was granted to Morehouse parish, he (relator) had become aware that there is even more prejudice existing against him in that parish than there is in Richland parish, and that owing to this prejudice and to the inflamed condition of the public mind against him there, a fair trial of his case cannot be had in said parish of Morehouse.

Wherefore, he prayed that the motion he had first filed for a change of venue be reopened, and a new trial thereof be had, and that on such rehearing the order heretofore issued, changing the venue of the case to Morehouse parish, be rescinded, and a new order made transferring his case for trial to the district court of Ouachita parish.

He annexed to this plea affidavits from citizens of Morehouse parish testifying to the prejudice existing there against him, and also the affidavit of his counsel (relator being himself absent in jail in Lincoln parish) to the truth of his averments, giving grounds for reopening the question of change of venue.

The district attorney of the Seventh judicial district, in which Richland parish is situated, filed an exception to the proceeding thus taken, the grounds of which are that having already granted an order changing the venue of the case to the parish of Morehouse, in another judicial district, the judge of the district court of Richland parish is without jurisdiction to make or grant any other order in the case, and without authority to take any further steps therein.

This exception was sustained and the motion to reopen was dismissed. A bill of exceptions was reserved to this ruling.

Whereupon the relator presented here an application for the exercise of this court's supervisory control over inferior courts. He

asked for a writ of certiorari to bring up the papers, for a writ of prohibition to stay further proceedings pending action by this court, and for a writ of mandamus to compel the respondent judge to reinstate his motion to reopen and to proceed to hear and adjudicate anew the matter of change of venue as presented. The rule nisi issued.

It appears that immediately after the change of venue was ordered to Morehouse parish the clerk of the court of Richland parish delivered to the sheriff of Richland the indictment and motion for change of venue, and that these papers were transmitted to the clerk of court of Morehouse parish. This was in accordance with the requirements of section 1024 of the Revised Statutes.

But it does not appear that the requirements of section 1029, Rev. St., had been complied with when the motion to reopen the application for change of venue was made, nor when the application for the supervisory writs of this court was presented here.

Section 1029 aforesaid is as follows:—

"When a change of venue shall be awarded on the application of a party in actual custody, it shall be the duty of the sheriff immediately to convey the party to the parish to which the cause shall have been removed, and to deliver him to the sheriff of said parish, whose duty it shall be to hold him in safe custody until otherwise ordered by the court."

The return of the respondent judge to the rule nisi is silent as to this transfer of the prisoner from the jurisdiction of his court.

Per contra, in his sworn declaration for the writs made to this court, the relator represents that he is now and has been in the care and custody and under the orders of the Seventh district court; that he has never been transferred or delivered to the sheriff of Morehouse parish; and that while he is incarcerated in the parish jail of Lincoln parish he is still under the control of the sheriff and judge of the Seventh district court.

It would thus appear that the prisoner has never been removed from the jail in the parish of Lincoln and is there now. Furthermore, that he has not been turned over to the sheriff of the parish of Morehouse; nor that any order has been issued by the respondent judge to the sheriff of Richland parish to deliver him to the sheriff of Morehouse; nor

that any order has been, of his own motion, given by the sheriff of Richland to the sheriff of Morehouse for his delivery to the latter; nor that the custodian of the jail in Lincoln parish holds him otherwise than as subject to the orders of the sheriff of the parish of Richland.

While, therefore, the prisoner is bodily in the parish of Lincoln and in the actual custody of the sheriff of that parish, he is constructively still in the parish of Richland and in the legal custody of the sheriff of that parish.

Though in Lincoln parish he is subject to the order of the sheriff of Richland, for whom the sheriff of Lincoln holds him.

This being the situation, the prisoner is to be considered, for the purposes of the trial of the motion to reopen the change of venue proceedings in the court below, and for the purposes of the trial of the application for this court's supervisory writs now before us, within the jurisdiction of the district court of the parish of Richland.

If he be within the jurisdiction of that court still, if the order heretofore made by the respondent judge changing the venue has not become operative yet by the transfer of the prisoner to the new jurisdiction, it follows that with the prisoner still in his jurisdiction he is still subject to his orders, and being subject to his orders it was and is competent for the respondent judge to take such further action on the application for change of venue as may be warranted by the facts and law.

He has the jurisdiction and authority to reopen the change of venue proceedings, grant a rehearing thereof, and maintain his former ruling or rescind the same and order the case to another parish, as may, in his sound discretion, appear to be proper under the circumstances, to the end of securing to the relator his constitutional right of trial before an impartial jury.

The application made by the relator to the respondent judge to reopen the change of venue proceedings is not to be confounded with an application for a second change of venue.

This is prohibited by Rev. St. § 1025, which declares that after a cause shall have been removed it shall not be a second time removed under any pretense whatever.

Here, the cause has as yet never been "removed" to another jurisdiction or parish. An order only was made granting a change of venue to another parish, but before this order is executed and a transfer of the prisoner effected, and while he is yet within the jurisdiction and under the orders of the court of the first instance, an application in the nature of a motion to rescind the first order, or of a new trial, is made.

It was a proper proceeding and the respondent has jurisdiction to entertain it.

Let the writs applied for be made peremptory, and it is ordered that the respondent proceed to entertain and adjudicate according to law the application for the reopening, or new trial, of the matter relating to the change of venue.