(37 South. 597.)

No. 15,437.

STATE ex rel. ROGERS v. GRAY, Judge.

(Dec. 5, 1904.)

CRIMINAL LAW—CHANGE OF VENUE—RESCIS-
SION OF ORDER.

1. In matter of a change of venue applied for
by defendant there may cause arise which will
be sufficient to enable the trial judge to rescind
the order transferring the case to another par-
ish, if the transfer which he has ordered is still
incomplete, the clerk not having prepared re-
quired papers.

2. In case of doubt in matter of the change
of venue, the court holds that it is best to re-
solve it in favor of the application of the ac-
cused, who will have to appear before a jury
of the vicinage.

(Syllabus by the Court.)

Application by the state, on the relation of
R. T. Rogers, for writs of mandamus, pro-
hibition, and certiorari to W. J. Gray, Judge
of the Seventh Judicial District Court. Writs
granted.

T. S. Ward, H. Flood Madison, and Carey
J. Ellis, for relator. Respondent Judge, pro
se.

BREAUX, C. J. On application to rescind
judgment changing the venue.

The defendant, Robert F. Rogers, relator
here, with four others, was indicted by the
grand jury of Richland, on the 18th day of
October, 1904, for the alleged murder, on the
19th day of February, 1904, of Jesse Brown,
in that parish.

He was arraigned, pleaded not guilty, and
his case fixed for trial for the 28th of Oc-
tober, 1904.

On the day set for his trial a motion for
change of venue was filed on his behalf. In
his petition for a change of venue relator
said, in substance, that in consequence of
the excited condition of the public mind, and
the prejudice against him in the parish of
Richland, he would be unable to obtain a
fair and impartial trial in that parish.

The district attorney urged no objection to
the motion. The court ordered a change of
venue. The judgment ordering the change
was signed on the 29th day of October, 1904.

The district judge, made respondent, in his
answer to the rule nisi states, in substance,
that after the signing of the order of the
court to transfer the case as just stated, and
after the jury for the term had been dis-
charged, one of defendant's attorneys asked
him not to transfer the case to the Sixth
Judicial District and parish of Ouachita.

Respondent further states that he was not
impressed by the reasons brought to bear
against changing the venue to the parish of
Ouachita.

That he selected that parish because it
was more convenient for the witnesses, most
of whom resided in the parishes of Caldwell
and Richland, and because of its being ac-
cessible to the other parishes; that he felt
satisfied that little or no prejudice or ex-
citement existed in the parish of Ouachita
against defendant, and he was convinced
that he could obtain a fair and impartial
trial in that parish, and that the fears of
relator and his counsel in that respect were
imaginary.

Respondent, at some length, sets forth the
reason he had for thinking that the case
could fairly be transferred to Ouachita par-
ish. Respondent avers that he denied to re-
lator the right to file the motion for a re-
hearing on the application for a change of
venue, and denied also the motion for a re-
hearing on the order changing the venue, be-
cause it was apparent to him that delay was
the purpose of the defense; that they pre-
sented their application for a rehearing on
the change of venue in order to accomplish
indirectly that which they had failed to ob-
tain directly on their motion for a continu-
ance, which had been overruled.

That relator had first alleged under oath
that the state of the public mind in the par-
ish of Richland was so excited and so vio-

lently prejudiced against him (defendant) that he could not obtain a fair, impartial trial in that parish; that as soon as the jury was discharged, and when tnere could not possibly be an opportunity to try the case at that term of the court, they immediately asked to withdraw it, which was refused.

There are other averments made to about the same effect, which it is not necessary to mention here. They have been carefully considered by us. We will add, however, that we are officially informed by respondent that the sheriff of Richland parish,. the same day that the order transferring the case to the parish of Ouachita was signed, executed it to some extent by transferring the accused to the parish of Ouachita, and delivering him to the sheriff of that parish, together with a copy of the order of removal of the person of defendant; that the clerk of the court was instructed to immediately forward the papers in the case to the clerk of court to which the case had been transferred, and was preparing to do so, but at the instance of the attorneys for defendant he, the judge of the court in and for Richland parish, signed an order directing the clerk to delay forwarding the papers in order to give counsel time to prepare his application to the appellate court.

These are about all the facts needful in preparing our opinion. After having considered all the issues, we confine our review to the question involved strictly on the change of venue.

There are questions presented that may come up on appeal. They cannot be considered on this application without setting aside rulings that have received repeated approval. The issue inviting our careful attention is, first, whether the transfer of the case had been made at the time that defendant applied to set aside the change of venue which had been ordered by the trial judge.

We have seen that the order of transfer which the clerk of court was preparing had

not been signed by the judge. True, the defendant had been taken to the parish jail of Ouachita on the day that the order transferring the case to that parish was issued, but it is also true that recently this court held that this alone did not have the effect of transferring the case, and, though an order similar to the one now before us had been issued, the decision was that no transfer had been made, as it had not been signed, and the defendant and the papers of the case had not been sent to the parish to which the judge ordered the change of venue.

To complete the transfer it requires the transfer of the prisoner and the papers. Here not only the papers had not been transferred, but the order of transfer had not been signed.

The decision to which we refer was pronounced in State ex rel. Williams v. The Judge, 109 La. 127, 33 South. 108, in which this court held that the trial judge had the authority to reopen the change of venue proceedings. Having such authority, he also has in the case here the authority to consider the waiver the defendant tendered to be filed after the order of transfer had been issued, and before the change was completed by delivering the prisoner and papers of the case to the authorities to which it is transferred. Of course, such a waiver must be timely filed. There must be no attempt made to trifle with the court.

As the application to waive was in time in this case, we are to consider whether the defendant should be permitted to waive the order issued on his motion. We think he should be allowed to enter a waiver, and that it should be sustained.

Our learned Brother in his answer says that he "felt satisfied that little or no prejudice or excitement exists in the parish of Ouachita," to which the case was transferred, against relator.

While it may well be that the feeling, if any exist, would not have the least influ-

ence, yet in this case of vital importance to the defendant it is advisable to let him have the benefit of his waiver.

We infer that the killing which gave cause for investigation and which resulted in the jury finding a true bill created some attention. There may have been pronounced prejudice. The record discloses that the killing gave rise to some comment by newspapers at and near the locality of the alleged crime. Too great importance, it is true, should not be attached to comments of this kind.

The juries and judges of either parish would doubtless sufficiently guard against such influences, if they exist.

An impartial trial, we think, may be obtained in either parish, but since the defendant has elected to be tried by a jury of the vicinage, he may be allowed, without affecting the regular course in the administration of justice, the benefit of his waiver, which is a final disposition of the matter, for no accused is entitled to more than one application to change the venue in one case.

The questions are purely of law. The learned judge, seeking to conserve law and order, granted the change of venue for which the defendant applied. He, we have reason to believe, acted conscientiously.

None the less we do not find it possible to agree with the refusal to permit the waiver under the facts and circumstances.

It should be borne in mind that there was no trial of the application for a change of venue. The transfer was made properly with the consent of the district attorney, without hearing evidence. It was still time, under the circumstances, to waive the motion. It should, perhaps, be different if there had been a regular hearing — testimony heard, and after some delay—but here there was nothing of the sort.

Our opinion finds support in Bishop's New Criminal Procedure, vol. 1, p. 74, § 73, par. 6.

We are of the opinion that the rule nisi in this case should be made absolute.

It is ordered, adjudged, and decreed that the writs applied for be allowed, and that mandamus issue as applied for, and the judge of the district court is ordered to set aside his order granting a change of venue to defendant; that he accept defendant's waiver, place it of record, and reinstate the case of the State of Louisiana v. R. T. Rogers, and proceed with the trial thereof as if no order changing the venue had ever been granted.