347 So.2d 1132 (1977)
STATE of Louisiana, Respondent,
v.
Rex DRIEVER, Relator.
No. 59109.
Supreme Court of Louisiana.
July 1, 1977.
*1133 George T. Anderson, Jr., Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., Roland V. McKneely, Asst. Dist. Atty., for plaintiff-respondent.
TATE, Justice.
We granted certiorari, 341 So.2d 414 (La.1977), to review the denial of the defendant's motion to quash this prosecution as prescribed. La.C.Cr.P. art. 578(2).
The chief issue is whether the state's inability to locate a material state witness for a portion of the prescriptive period constitutes an interruption of the prescribed time within which the state must try the accused. See La.C.Cr.P. art. 579(2). The trial court held the prescription was interrupted. We reverse.
Context Facts
The defendant is charged with a non-capital felony. La.C.Cr.P. art. 578(2) provides that "no trial shall be commenced" in a non-capital felony "after two years from the date of institution of the prosecution." (Other code articles provide, however, that in limited circumstances this delay may be suspended or interrupted, La.C.Cr.P. arts. 580, 581, one of which the state claims here applies.)
In the present instance, the accused was charged by bill of information on September 10, 1974. On the present occasion, by motion of August 24, 1976, the state fixed the prosecution for trial on September 13, 1976, (i. e., three days past the date upon which the continued prosecution was prescribed). On that date, the accused filed a motion to quash the prosecution as prescribed.
After a hearing, the district court overruled the motion. It essentially held that the absence of a material state witness, allegedly the only eye-witness to the crime, excused the state's delay in not trying the accused within the mandatory statutory time allowed for trial of the charge.
We have concluded that the state has not met its heavy burden of showing that it is excused from trying an accused on a charge later than the period mandated by Article 578. The prosecution must therefore be dismissed.

(1)
In the first place, the evidence shows that the missing witness was available for trial before expiration of the two-year period.
We need at this point to recapitulate the evidence and showing at the hearing. Aside from minute entries and stipulations as to records and procedures, the state relies solely upon the testimony of its investigator to show that it could not try the case earlier.
The record shows that, on September 10, 1974, the accused was formally charged with a killing five days earlier in a night-club fight. He was arraigned and pleaded *1134 not guilty on September 18, eight days after he was charged.
The state set the case for trial on four earlier occasions: November 25, 1974, January 27, 1975, March 10, 1975, and May 5, 1975.
The defendant never moved for continuance. On each occasion, he appeared for trial and subpoenaed some five or six defense witnesses, who were present. Likewise, on each occasion, the state subpoenaed some 16 state witnesses (7 of them police officers and a coroner).
The state did not ever move for a continuance. The trial date in each instance was passed on the court's own motion. Since no formal motion was made at the time, we have to rely upon the reason suggested by an investigator's testimony, which was taken after the two-year prescriptive period had expired:
Starting about February, 1975, the state was unable to locate the whereabouts of Sherri Lawrence, a material state witness. We will accept for the moment (but see (2) below) the investigator's testimony as showing that diligent efforts were made to locate Miss Lawrence, which were not successful until August, 1976.
Thereafter, by motion of August 24, the state fixed the charge for trial on September 13, 1976, which the district court in its post-hearing per curiam states was "the first available trial date on the fall term." [1]
In summary, the missing state witness was located in August, 1976, before expiration of the two years. By motion of August 24, the district attorney fixed the accused's trial for September 13, after expiration of the mandatory two-year delay, instead of before. We know of no prohibition which prevented the trial court from fixing the trial before the expiration of the delay, instead of after it, even though this might have required a special jury week (see footnote 1). The court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate.
To protect persons accused of crime against indefinite delay in state prosecutions against them, our legislature has provided that "no trial shall be commenced . . . after two years" from the date of institution of the present prosecution. La.C.Cr.P. art. 578(2). The constitutional right to a speedy trial was intended to be at least partially effectuated thereby.
The present record does not support a finding that the state's duty to try the case within the prescribed time is excused by the only reason advanced in support of the delay: That the statutorily limited period for trial of the defendant was interrupted because, during the period, the accused "cannot be tried" for a "cause beyond the control of the state," La.C.Cr.P. art. 579(2).

(2)
In the second place, assuming[2] that inability to locate an essential state witness may under some circumstances be a valid cause interrupting prescription, the state has not here met the heavy burden of proving that the absence of this material witness excused indefinite delay in trying an accused within the statutorily mandated period.
Miss Lawrence was held as a material witness for some two months or so after the *1135 charge was filed against the accused, until she was released on her own recognizance. Apparently it was only after February 14, 1975 that the state lost track of her, although the evidence suggests she was still in Shreveport, a nearby city. (See S-2, also testimony of the defendant's attorney.)
The state investigator in charge of the case now testifies, after the time-limits had elapsed, that he had tried to locate her diligently. His initial efforts were to ask other deputies on perhaps two occasions to check on her whereabouts, when they were going to Baton Rouge or Lafayette (where she had previously worked) to a convention or on other business. Finally, on October 21, 1975, the state asked the assistance of the Federal Bureau of Investigation in listing her as a missing witnessand eventually, in August 1976, thereby her whereabouts routinely showed up. Following this, her presence was readily secured for trial.
On the other hand, the state made no attempt to locate Miss Lawrence through inquiry of her mother (residing in Kilgore, Texas) or of her former employers or friends in Shreveport. Defense counsel, for instance, testified that he talked with her on a local call by telephone during 1975, during a period in which the investigator's (post-delay) testimony indicated that the state did not then know her whereabouts. By a letter to the prosecutor of March, 1975 (S-2), defense counsel suggested a local Shreveport address where she residedso far as the record shows, the state investigator did not check this address at that time.
Further, although the state argues that Miss Lawrence's testimony was its chief evidence in the case, the post-prescription record does not establish this. At the hearing, the investigator admitted that she was a "material" witness, not necessarily an eye-witness. He also admitted that others of the available state witnesses were present at the scene of the crime, at least one of whom was also a material witness.
In our opinion, by this showing, the state's heavy burden to prove it could not try the charge within the time mandated by law,[3] even assuming (see footnote 2) that its inability to locate Miss Lawrence could under some circumstances have been "cause beyond the control of the state," by reason of which the defendant "cannot" be tried within such period, La.C.Cr.P. art. 579(2).

Decree
Accordingly, since we find that the state did not try this accused within the time mandated by law, La.C.Cr.P. art. 579(2), the motion to quash the indictment must be granted, La.C.Cr.P. art. 581, the trial court ruling to the contrary must be overruled, and defendant ordered discharged from custody or bail, La.C.Cr.P. art. 538(2).
TRIAL COURT RULING REVERSED AND MOTION TO QUASH GRANTED.
SUMMERS, J., dissents and assigns reasons.
DENNIS, J., dissents.
TATE, Justice, concurring.
By these additional concurring reasons, the writer feels it may be appropriate to note certain issues implicit in this case. It was unnecessary for the court opinion to discuss them, because the motion to quash was sustained for other reasons.
In my opinion, there is substantial doubt that the state's inability to ascertain the whereabouts of a witness, even a material witness, ever prevents the state from trying an accused so as to constitute an interruption of prescription. The state's case may be weaker, but traditional speedy-trial protections *1136 as well as the language and functional purpose of Articles 578-581 of the code, may not permit the state to delay a trial beyond the statutory period simply because its case is weak.[1]
Support for this view is furnished by the very circumstance that in Louisiana the state has never before this case, so far as we can ascertain, advanced this as a cause beyond its control interrupting prescription, with the consequence that the state's already lengthy period to try the accused starts anew. This view is re-enforced by the rather long periods given the state for mandatory trial of the case after the accused is formally charged, La.C.Cr.P. art. 578.
This interpretation is further supported by construing the code as a whole. The code does not permit even continuances, if sought because of the indefinite availability of a material witness. La.C.Cr.P. art. 709(2) (see footnote 3 in majority opinion). If a continuance may not be granted for this reason, it seems to me, such a reason cannot be relied upon as a "cause beyond the control of the state", by reason of which "the defendant cannot be tried," La.C.Cr.P. art. 579(2). In short, if under the code the indefinite absence of a witness is not sufficient cause to delay a trial, neither can it be (it seems to me) a sufficient cause for the state to delay its prosecution of an accused beyond the period mandated by law.
Diligent and scholarly prosecution and defense counsel have cited provisions from elsewhere that permit inability to produce an essential witness to suspend prescription. Our own code apparently does not do so, for only motions by the defendant suspend prescription. La.C.Cr.P. art. 580. The apparent reason for this is seen by the long periods (two years for non-capital felonies, three years for capital felonies) allowed for state trial by our code, La.C.Cr.P. art. 578, as compared with the much shorter periods (e. g., 60 days, four months) permitted by the source provisions. The statutory intent deduced, most probably, is that if the state cannot locate its witnesses within the two years allowed by statute, it must try its case without themrather than maintain indefinitely the untried charges against the accused, in violation of his speedy-trial rights.
The inability to locate a state or defense witness should, at most, suspend prescription, and then only for a reasonable time certain in which the missing witness can be located. Cf. footnote 3, in majority opinion. Otherwise, by "interruption" of prescription, if allowed on this ground, the state may vitiate the intended speedy-trial protection given criminally accused persons by the statutorily-mandated time limitations for the trial of prosecutions. See footnote 1 of this concurring opinion.
The Uniform Rules of Criminal Procedure (National Conference of Commissioners of Uniform State Laws, 1974), provide a workable approach to the present problem. Rule 722(f)(7) excludes from (suspends) its rather short (four months) mandated periods for all trials:

*1137 "The period of a continuance granted at the request of the prosecuting attorney, if (i) the continuance is granted because of the unavailability of evidence material to the State's case, where the prosecuting attorney has exercised reasonable diligence to obtain the evidence and there are reasonable grounds to believe that the evidence will become available within a reasonable time; * * *"
(To the same effect is American Bar Association Standards for Criminal Justice, Standard 2.3(d)(i) (1968).)
The present facts highlight the merits of regarding the inability of the state to locate a witness, not as an interruption, but only as a suspension of periods mandated for trialproviding that, before the time expires, the state moves for a continuance and proves at that time a valid cause practicably then preventing the immediate trial of the charge.
In the present case, the defendant appeared with his witnesses each of the four times the case was fixed for trial during the two-year period allowed the state to try the charge. Had he sought continuance on the ground that one of his witnesses indefinitely could not be located, the continuance might properly have been denied (see footnote 3 of the majority opinion), as (presumably) might have been a similar motion by the state.
So far as the accused was concerned, the state's two-year period was running within which the state was mandated to try his case.
Nevertheless, after the two years had elapsed, the state for the first time sought, by hindsight, to justify its failure to try him earlier. The state's case is based upon the justifying reasons essentially within the memory of its investigator, and not practicably subject to searching examination at the hearing. (The hearing was held many months after the circumstances arose which allegedly created the state's alleged inability to locate its witness.)
To the contrary, the Uniform Rules would require that, before the period expires barring further prosecution, the state must move for continuance at the time the cause for the delay arises. This requirement permits a contemporaneous and formal court inquiry into whether sufficient cause then exists to permit the state to delay the time of the accused's trial beyond the period otherwise mandated.
Further, if the cause is proved at that time, the period to try the accused is merely suspended for a definite time. It is not (in effect) indefinitely annulled by the after-the-fact finding of an earlier interruption of the time prescribed by law for trial of the case. Thus, the state's failure to try the accused within the mandatory period may not be excused (as here contended), after the time has elapsed, by what is (belatedly) claimed to have been a failure to locate a missing witness some months earlier.
I add these concurring reasons, for what light they may shed upon the problem this case presents to the court, as well as for whatever aid they might be in future legislative regulation of the problem (which should, if this be allowed as a cause suspending prescription, also considerably shorten the periods allowed for the trial of pending charges). For, as noted by this concurring opinion, in my personal view (not necessarily the court's), the inability of the state to locate a missing witness may neither interrupt, La.C.Cr.P. art. 579, nor suspend, La.C.Cr.P. art. 578, the period within which the state must try an accused after a criminal prosecution is instituted against him.
SUMMERS, Justice (dissenting).
Relator Rex Driever was charged by bill of information on September 10, 1974 with the September 5, 1974 second degree murder of David Wall. La.Rev.Stat. 14:30.1. According to this record, the only eyewitness to the offense was Sherri Lawrence who was taken into custody by the State as a material witness. She was soon released on her own recognizance on September 8, 1974.
*1138 After the relator's arraignment on September 18, 1974, at which he entered a plea of not guilty, the case was set for trial on November 25, 1974, January 27, 1975, March 10, 1975 and May 5, 1975. On each occasion, however, the case was passed over because of the absence of Sherri Lawrence, the State's material eyewitness, who had absconded and could not be located. There is no evidence that relator objected to these continuances, or that he moved for or otherwise demanded a speedy trial, although he was present in court on each occasion.
In the meantime the office of the district attorney and the police investigating the case made inquires and enlisted the assistance of the Lafayette (where Sherri Lawrence had lived previously) and the Baton Rouge Sheriff departments. In October 1975 the District' Attorney formally requested the F.B.I, to join the search. Finally, in late August 1976, Sherri Lawrence was located in Monarch, North Dakota. She was promptly returned to Louisiana by the District Attorney, who, on August 24, 1976, obtained a formal written order fixing the case for trial on September 13, 1976, the first available trial date during the fall term of court.
On that date relator moved to quash the indictment, alleging that he should be discharged because more than two years had elapsed since the institution of prosecution on September 10, 1974 without any interruption or suspension of the time limitation prescribed in Article 578(2) of the Code of Criminal Procedure.[1] A hearing was held on defendant's motion in which the State presented evidence to support its position that it had exercised reasonable diligence in its effort to produce Sherri Lawrence to testify. The other facts were stipulated, or appear from the record. The trial judge overruled the motion, and writs were granted by this Court to review the ruling.
The question is whether the trial judge properly considered the absence of a material witness to be a "cause beyond the control of the state" within the contemplation of Article 579(2)[2] which would interrupt the period of limitation established by Article 578(2). Article 579 creates exceptions to the time limitations prescribed by Article 578, demonstrating that the limitation periods of Article 578 are not imperative. The particular provisions of Article 579(2) which applies here permits an interruption of the Article 578 time limitations if the defendant cannot be tried "for any . . . cause beyond the control of the state." This last part of Clause (2) of Article 579 "is based upon the consideration that the state is entitled to the full period allowed by law and in many instances administratively requires the whole of the period allowed by Article 578. However, if for any cause beyond the control of the state the trial cannot be commenced within the periods allowed, then the periods are enlarged by operation of Clause (2)." Official Revision Comment (e), art. 579.
The Official Revision Comment under Article 581 restates the principle: "If an interruption or a suspension occurs under Arts. 579 or 580, then, of course, the time limitation will not expire . . . ." This comment continues: "In this connection it will be noted that the last part of Clause (2) of Art. 579 gives the court a great deal of *1139 discretion in determining whether there has been an interruption because commencement of the trial was not possible for causes `beyond the control of the state.'" We have been referred to decisions of Federal Circuit Courts for the proposition that the absence of a material state witness is a proper ground for denying a motion for a speedy trial. Mackey v. United States, 122 U.S.App.D.C. 97, 351 F.2d 794 (1947) and Shepherd v. United States, 163 F.2d 974 (8th Cir. 1947). Although not on point, the principle is recognized that absence of a material witness is a "cause" for delaying the trial. And, upon the facts in the case, we are convinced that the witness' failure to appear was "beyond the control of the state."
Considering the intendment of Articles 578 and 579 as expressed in the comments to these articles, the "great discretion" vested in the trial judge, the gravity of the alleged crime, the failure of the relator to object to the continuances or demand a speedy trial, and the total absence of any showing of prejudice to relator as a result of the delay, the ruling of the trial judge was correct.
I would uphold that ruling.
NOTES
[1] Although we do not rely solely upon the following circumstance, the district court calendar shows that the court was open for hearings in Bossier Parish each day during the weeks of August 23 (one judge) and September 6 (two judges). The court rules apparently permitted a special fixing for jury trial of this criminal case on some or all of these days (see La.Civ.P. art. 193); the calendar shows that the date fixed for trial (September 13) was calendar-designated as for regular assignments of felony arraignments and juvenile court, but not for petit jury trials such as the present, specially assigned to be tried that date.
[2] In additional concurring reasons, the author of this opinion by the court has expressed his personal view to the contrary of this assumption, an issue not reached by the court.
[3] If, for instance, the state had formally sought continuance from the trial dates earlier fixed, on the ground of Miss Lawrence's absence, there is some doubt that the continuance would have been granted, assuming the same rule applies to the state as to the accused. See interpretations of La.C.Cr.P. art. 709(2), e. g., State v. Cain, 307 So.2d 621 (La. 1975), which uphold the denial of a continuance in the absence of a showing of the probability that the presence of the absent witness could be obtained by the date to which the trial will be deferred. Had the state sought and been refused a continuance from an earlier fixing, presumably it would have been forced to try its case absent Miss Lawrence's testimony.
[1] If mere inability to locate a state witness "interrupts" the period during which the state is required to try an accused, then in effect the state may be granted indefinite delays to try cases because of the difficulty of inefficiency involved in locating particular witnesses. In the present case, the state witness was not located until August, 1976, almost two years after the prosecution had been instituted. If inability to locate a witness interrupts prescription, then the same result is reached if this witness had not been located until 10 years later, after which the state would still have had 2 more years to try the accused.

La.C.Cr.P. art. 579(2) should probably be interpreted to permit interruption of prescription due to inability to secure the presence of witnesses only when: "The defendant cannot be tried . . . because his presence for trial cannot be obtained by legal process. * * *"
Compare this code article with the federal speedy trial act, 18 U.S.C.A. Section 3161, which expressly recognizes a suspension of the stringent time limits for trial thereby provided for "Any period of delay resulting from the absence or unavailability of the defendant or of an essential witness." 18 U.S.C.A. 3161(h)(3). The reason for allowing a suspension (not even an interruption), for such reason, must also be viewed in the context of the act, which will require that felony trials be commenced within sixty days of arraignment, 3161(c), with arraignment to be within ten days of the indictment, Id.
[1] La.Code Crim.Pro. art. 578 provides:

"Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation."
[2] La.Code Crim.Pro. art. 579 provides:

"The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists."