WOODARD, Judge.
This criminal appeal is brought by the State of Louisiana after the trial court granted the defendant’s Motion to Quash and dismissed the prosecution for failure to timely commence trial. La.C.Cr.P. art. 581, and art. 912 B(2). On appeal, the state has assigned five errors concerning the manner in which the trial court calculated periods of suspension and interruption of the time limits to commence trial.
FACTS
The defendant is Joseph Anthony Rome, an attorney from New Orleans, who was indicted on October 5, 1989 by a West Feliciana Parish grand jury for 22 counts of theft, violations of La.R.S. 14:67, and 22 counts of criminal conspiracy, violations of La.R.S. 14:26 and 14:67. The defendant’s co-conspirators are Kirksey Nix, Jr., Kellye Dawn Nix, Martha White, Roy Garland, Kathy Bruza, Felix Martinez, Jr., and Arthur Mitchell. The indictments against the defendant and the other co-conspirators arose from a notorious nationwide “scam” operation involving inmates at the Louisiana State Penitentiary at Angola, Louisiana. They used various fraudulent schemes, such as personal advertisements in homosexual magazines, letters, and telephone calls, to defraud large sums of money from the victims who had responded to their ads and other contacts made by the inmates and their co-conspirators. The defendant performed legal services for Kirk- *1361 sey Nix, Jr., and allegedly, assisted in the operation of the scam outside the prison by setting up the three-way telephone system enabling the inmates to speak with the victims without letting the victims know the callers were in prison, arranging pickups of the cash wired by the victims to Western Union offices in the New Orleans area, preparing the misleading letters sent to the victims, coaching some of the co-conspirators to call the victims and claim they were social workers or investigators, and delivering the money received to Kirk-sey Nix’s wife, Kellye Dawn Nix.
At the same time the defendant was charged with theft and conspiracy, Kirksey Nix, Jr., was also charged, but Kirksey Nix, Jr. was never made a co-defendant with Joseph Rome, nor were their prosecutions consolidated. However, Mr. Nix was treated the same as if he were a co-defendant since much of the correspondence and all of the hearings on the motions included Mr. Nix and his attorney, Mr. Mancuso. Also, the defendant’s motion and order for change of venue were adopted by Mr. Nix, and after the change of venue was granted, both Mr. Nix’s and the defendant’s prosecutions were transferred from West Felici-ana Parish to Rapides Parish.
The problem with delays began after the State consented to a change of venue in return for defendant dismissing his original Motion to Quash on jurisdiction and duplicity. This occurred on April 26,1990. Fourteen (14) days elapsed from the granting of the order on April 26, 1990 to the signing of the order designating a new venue— May 10, 1990. Ninety (90) more days elapsed from the changing of the venue until the record was received and lodged in the Rapides Parish Clerk of Court’s office. This resulted in a one hundred and four (104) day delay.
Other delays occurred from the filing of various motions by defendant. Trial was set and changed on several occasions but eventually was scheduled for July 6, 1992. On June 1, 1992, defendant filed a writ of habeas corpus ad testificandum for two witnesses. On the day of trial, defendant filed the second Motion to Quash based upon untimely commencement of trial which is at issue.
The trial judge ruled in favor of defendant’s Motion to Quash and in his written reasons counted as periods of suspension the time from November 30, 1989 until April 26, 1990, and from February 1, 1991 until March 4, 1991. The trial judge did not consider as a period of suspension or interruption the days that Kirksey Nix, Jr. was in trial in federal court in Mississippi, even though it was the defendant who urged the necessity of having him as a witness and advised of his unavailability during this period. The trial judge also refused to consider the time between the granting of the change of venue and the filing of the record of defendant’s case in the new venue as a period of suspension or interruption. Finally, the trial judge did not mention in his ruling the delay from December 2, 1991 to February 21, 1992, when the ad hoc judge was unavailable for trial or for hearings because he was appointed to preside over a matter in New Orleans.
ERRORS PATENT
A review of the record reveals no errors patent.
ASSIGNMENT OF ERROR NO. 1
In the State’s first assignment of error, it contends the trial court erred in failing to consider a change of venue or unavailability of a defense witness as an interruption of the time limitations as provided by Louisiana Code of Criminal Procedure article 579. We will address first the delays caused by the change of venue.
The Louisiana Code of Criminal Procedure provides that in felony cases, no trial shall be commenced after two years from the date of institution of the prosecution. La.C.Cr.P. art. 578(2). The defendant was indicted on October 5, 1989. The two-year time limit ended on October 5, 1991. However, the deadline for commencing trial may be extended by an interruption or suspension of the period of limitation. La. C.Cr.P. arts. 579 and 580. There is a dis *1362 tinction between an interruption and a suspension of the time limits.
Whenever there exists a cause for interruption of the two-year time limit established by Article 578, the two-year period of limitation shall commence to run anew from the date the cause of the interruption no longer exists. La.C.Cr.P. art. 579 B. In other words, if one of the several causes for interruption in La.C.Cr.P. art. 579 A is met, another two-year time limit to commence trial will start again once the cause for interruption no longer exists. The causes for interruption are listed as follows:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
La.C.Cr.P. art. 579 A.
A cause for suspension will result in the running of the time limits being suspended, or not being counted. A cause for suspension is the defendant filing a Motion to Quash or other preliminary plea, such as a Motion for Continuance, and the time between the filing of the motion and the ruling of the court is simply not counted as part of the period of limitation. La.C.Cr.P. art. 580. After the court has ruled on a defendant’s motion, the state shall have not less than one year to commence trial even though the defendant may have filed his motion shortly before the two-year time limit was to expire.
The key issue in this appeal is whether or not the 104 day delay between the granting of the defendant’s Motion for Change of Venue and the transmittal of all the documents comprising the record of the present case should be considered a cause for interruption or suspension of the period of limitation. At the hearing on the defendant’s second Motion to Quash, the trial judge noted:
... the actual physical transmittal of the record to this Court.... I mean, that is a period of time that, where everything was held in abeyance. I mean ... I couldn’t fix it for trial or for a conference hearing ... and I have a letter to that effect, as I recall ... and I was asking the D.A. for his assistance since he was on site ... hey, get me some help ...
Counsel for defendant argued that the delay caused by the clerk of court’s office was the problem of the state’s, not the defendant’s, and once the change of venue was granted on April 26, 1990, the period of suspension ended. However, the trial judge noted that on April 26, 1990, the new venue for defendant’s and Mr. Nix’s trials had not been selected. The trial judge further noted that it was the defendant who filed the Motion for Change of Venue. In discussing this issue the trial judge stated:
So, I mean, it takes some physical action to get a record from one jurisdiction to the other over which the District Attorney has no control. He can’t do anything about it. I mean, he has no jurisdiction over the clerk. And I do recall that I had some correspondence along those lines. But I think we do need to address that, if for no other reason than my satisfaction of my mind.
After making these observations that the district attorney has no control over the clerk of court, that the defendant was the one who requested a change of venue, and that he had written to the parties that the case was in abeyance until the Ninth Judicial District received the indictments, pleadings, court minutes, and other documents comprising the record of this case, the trial judge cited a passage from the case of State v. Driever, 347 So.2d 1132 (La.1977), and decided that the 104 day delay from the ruling granting a change of venue until the receipt of the record by the new venue *1363 could not be considered either a period of interruption or suspension.
When the judgment of the court was filed in open court in Clinton, Louisiana the record did not automatically take wings and fly to Alexandria, Louisiana. The defendant argues that he should not be held responsible for the time it took the Clerk of Court to forward the record to the Ninth Judicial District Court. To include this as suspension time would not place the responsibility on the defendant for the actions of the Clerk of Court. This would merely be a time deducted from the two years. However, while the writer is of this view a Louisiana Supreme Court decision seems to take a contrary position. In State v. Driever, 347 So.2d 1132 (S.Ct.1977) the Court stated:
“ * * * The court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with with the statutory mandate.”
But for this decision this Court would rule that the time limitation has not run, however, this writer cannot overrule the Louisiana Supreme Court.
A reading of the Driever case reveals that it is distinguishable on its facts, particularly the facts giving rise to the above quote. In Driever, the defendant was charged with a felony on September 10, 1974. A Motion to Quash was filed on September 13, 1976, three days after the end of the time limits to commence trial. The State argued that the defendant could not be tried before September 13, 1976 for “cause beyond the control of the State.” In rejecting the State’s arguments, the supreme court did not specifically state that it did not believe the state’s claim that a material witness could not be located, but it did devote most of its opinion to detailing the minimal to non-existent efforts by the state to locate a material state witness who was missing from February, 1975 until August, 1976. The court concluded that in the case before it, the unavailability of a material state witness did not prevent the state from bringing the defendant to trial. The court further noted that once this material state witness was located in August of 1976, neither the Code of Criminal Pro-, cedure nor the local rules of the district court prevented the state from commencing the defendant’s trial on or before September 10, 1976. The quoted provision of the Driever opinion arose from that portion of the decision which rejected the argument that September 13, 1976 was the first available trial date, since the state could have called a special term of a petit jury rather than wait for the beginning of the regular fall term. The clear mandate of La.C.Cr.P. art. 578 could not be superseded by the internal operating procedures of the local district court. State v. Driever, supra at 1134.
In the present case it was not the internal operating procedures of the district court nor the schedule of petit juries that prevented the State from attempting to set a trial date or a status conference to move forward with the proceedings; rather, it was the fact that the clerk of court did not forward the record to the new venue until August 8, 1990.
Louisiana Code of Criminal Procedure article 624 provides:
Art. 624. Grant of change of venue; procedure
When a change of venue is granted, the clerk of the court in which the case is pending shall make and retain copies of all documents relating to the case. He shall deliver the original documents together with certified copies of all minute entries of the case to the clerk of the court to which the case is transferred, who shall enter the case upon the docket of the court, and the case shall be proceeded with in the same manner as if the proceedings had originally been instituted therein.
Defendant argues that the provisions of La.C.Cr.P. art. 624 are merely articles of implementation not affecting the judgment of the trial court granting a change of venue, and therefore not affecting the period of limitation. Cited in support of this *1364 argument is State v. Brown, 451 So.2d 1074 (La.1984), in which the supreme court ruled that the one-year period to commence a new trial began the date the new trial was granted and not on the date the judgment of the appellate court was filed and executed in the office of the clerk in the district court. Id., at p. 1078. In Brown, nothing prevented the state from retrying the defendant; the formal filing of the supreme court judgment in the district clerk of court office was not a prerequisite to moving forward with the new trial. However, in the present case, the trial judge in the new venue informed the parties that nothing could be done as far as setting a trial date or conducting a status conference until the record was lodged in the new venue.
The position of the trial judge, that the defendant’s case was in abeyance until the record was received in the new venue, is supported by jurisprudence. Louisiana has long provided for change of venue whenever a fair trial could not be obtained in the original parish of venue. In State ex rel. Williams v. Gray, 109 La. 127, 33 So. 108 (La.1902), the supreme court held that an order changing venue is not operative until both the defendant and the papers in the case are transferred from the original venue to the new venue. The original statutory provisions required the defendant and the papers transferred to the new venue, as does the current provisions of La.C.Cr.P. arts. 624 and 625. Until both the defendant and the papers of the case were transferred, the authority or jurisdiction to act on any further pretrial motion by the defendant remained in the court of the original venue. Id. 33 So. at pp. 109-110. The mere granting of an order changing venue to another parish does not remove or divest the jurisdiction or power of the court of the original venue until both the defendant and the papers of the case are physically transferred to the other parish of venue. Therefore, the jurisdiction or authority of the court of the new venue is not completely vested until both the defendant and the papers are transferred.
This ruling was followed in State ex rel. Rogers v. Gray, 113 La. 671, 37 So. 597 (La.1904), in which the supreme court noted in a case involving a change of venue:
To complete the transfer it requires the transfer of the prisoner and the papers. Id., 37 So. at p. 598.
The defendant in State ex rel. Rogers v. Gray had been transferred to the new venue, but the papers in the case had yet to be forwarded, and the order of transfer had not been signed. When the defendant presented another motion to the court in the original venue, the jurisdiction or authority to act had yet to vest in the court of the new venue; therefore, the motion should have been ruled upon by the court in the original venue.
Later eases did not require hypertechnical compliance with the statutory requirements for transfer of the records. State v. McKowen, 126 La. 1075, 53 So. 353 (La.1910); and State v. Morgan, 147 La. 205, 84 So. 589 (La.1920). However, in one case, the defendant was entitled to have necessary papers transferred to the new venue before trial could begin. See, e.g., State v. Daniel, 49 La.Ann. 954, 22 So. 415 (La.1897).
In the present case, there were no papers filed in the Ninth Judicial District until August 8, 1990; no indictments, no court minutes, no motions nor responses were available for the ad hoc judge appointed to preside over the ease. Without these papers, the trial judge in the new venue was unaware of what had been done in the case and what matters were still pending before a trial date could be set.
What could the state have done in this case? The trial judge correctly noted that the district attorney has no power or control over the clerk of court. In fact the only party who possessed the power to expedite the transmittal of the record was the trial judge who could have issued a court order to the clerk of court to either file the record by a certain date or face sanctions. The failure of the trial court to exercise its supervisory authority and its duty as provided by La.C.Cr.P. art. 17 to require that criminal proceedings be conducted in an orderly and expeditious man *1365 ner and to so control the proceedings that justice is done should not be held against the state.
To rule that the delay in physical transmittal of the defendant’s record is a cause for interruption of the time limits would not necessarily prejudice the defendant. It should be noted that the causes for interruption listed in clause 2 of La.C.Cr.P. art. 579 can be considered not only causes beyond the control of the state, but also causes beyond the control of the defendant. Therefore, defendant’s argument that considering this delay for transmittal as a cause for interruption or suspension of the period of limitation would be holding the defendant responsible for the actions of the clerk of court are rejected.
Finally, it should be noted that defendant never filed a motion for speedy trial, never complained that the delays were prejudicing his ability to defend himself, and continued to tell the trial judge that he needed Kirksey Nix as a witness but Mr. Nix was involved in two federal court trials in Mississippi.
Therefore, we find that this assignment of error has merit and we remand on this issue. With the delay being caused by the clerk of court over whom the district attorney had no control, and the trial judge telling the district attorney he could not set a trial date nor even hold a status conference until the clerk of court transmitted the defendant’s record, the state was unable to try the defendant for “cause beyond the control of the state.” Therefore, the delay from the granting of defendant’s motion for change of venue until the record was finally received in the new venue is considered a sufficient cause for interruption of the two-year period of limitation. The granting of the defendant’s Motion to Quash filed on July 6,1992, is reversed and set aside.
REMAINING ASSIGNMENTS
Because our holding on the first assignment reverses the trial court’s ruling granting the defendant’s Motion to Quash, we pretermit any discussion of the remaining assignments of error.
CONCLUSION
We find that the one hundred and four day delay caused by the granting of the change of venue is a cause for interruption found under La.C.Cr.P. 579 A(2) ... “for any other cause beyond the control of the state.”
The delay was caused as a direct consequence of the granting of defendant’s Motion for Change of Venue. The time delays brought on by the transferring of the paperwork from one court to the next was beyond the control of the state. The district attorney should not be held responsible for the clerk’s failure to act more expeditiously in transferring the paperwork. Neither should the state be held responsible for the trial judge’s failure to use his power to expedite the process.
Also, it should be noted that the defendant never complained or filed for a speedy trial and apparently had no problem with delays since defendant was responsible for a considerable number of them such as, various motions for continuance, discovery and Bill of Particulars, change of venue, unavailability of witnesses, etc., all resulting in months of delays. Therefore for the foregoing reasons, we reverse the trial court’s granting of defendant’s Motion to Quash and we remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUIDRY, J., concurs and assigns additional reasons.