637 So.2d 1032 (1994)
STATE of Louisiana
v.
Wilfred JOSEPH.
No. 93-KK-2734.
Supreme Court of Louisiana.
June 3, 1994.
Gregory A. Miller, Norco, for applicant.
Richard P. Ieyoub, Atty. Gen., New Orleans, Harry J. Morel, Jr., Dist. Atty., Hahnville, Emile R. St. Pierre, Destrehan, for respondent.
PER CURIAM:
The defendant was charged by grand jury indictment returned on April 11, 1991, with distribution of cocaine in violation of La.R.S. 40:967. On June 15, 1993, with trial set for the following week after numerous delays, the defendant filed a motion to quash on grounds that the two-year time limit for the prosecution set by La.Cr.P. art. 578(2), had expired. The trial court conducted a hearing on June 21, 1993, and denied the motion on grounds that a heavy trial docket, which on two occasions had "bumped" the defendant's case for trial of another case set on the same day, constituted a "cause beyond control of the state" for purposes of interrupting prescription under La.C.Cr.P. art. 579A(2). The defendant sought review in the Fifth Circuit Court of Appeal, which denied relief for the same reasons given by the trial court, and upon finding that the defendant's case "ha[d] not been prejudiced by the delay."
The courts below erred. The state has a heavy burden of justifying an apparently untimely commencement of trial on grounds that the time limits in Art. 578 were either interrupted or suspended. State v. Rome, 630 So.2d 1284 (La.1994); State v. Nations, 420 So.2d 967 (La.1982). Unparticularized allegations of a crowded docket do not satisfy that burden. Administrative problems within the court system generally do not constitute causes of interruption beyond control of the state because "[t]he court system cannot excuse itself from affording *1033 an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate." State v. Driever, 347 So.2d 1132, 1134 (La. 1977).
The trial court therefore erred in denying the motion to quash. We have never required a showing of specific prejudice once the defendant has demonstrated that the prosecution has exceeded the limits imposed by Art. 578, and the state has failed to carry its burden of justifying the delay. State v. Rome, supra; State v. DeVito, 391 So.2d 813 (La.1980) (on rehearing); State v. Driever, supra. Accordingly, we vacate the judgment below and order the proceedings against the defendant quashed.
JUDGMENT REVERSED; MOTION TO QUASH GRANTED.
HALL, J., not on panel.
SHORTESS, Judge, First Circuit Court of Appeal, sitting in place of DENNIS, J.