J2SCHOTT, Chief Judge.
On the application of the State of Louisiana, we grant certiorari to review a judgment of the trial court that granted defendant’s motion to quash for failure to institute timely *396 prosecution pursuant to La. C. Cr. P. art. 578.
On May 4, 1990, the State filed a bill of information charging the defendant with possession of heroin, a violation of La. R.S. 40:966(0(1). The defendant failed to appear for arraignment, and, on June 1, 1990, he failed to appear for a bond forfeiture hearing. The defendant appeared in court for a hearing to set aside the bond forfeiture on January 3, 1991. However, on May 9, 1991, he failed to appear for a status hearing and was considered at-large. An alias capias was issued on May 18, 1991. The defendant was later arrested in Illinois in 1993 and on June 20, 1993, he was sentenced in Kane County, Illinois to ten years in the state penitentiary. On March 27, 1997, he was released from prison in Illinois and placed in the Louisiana Department of Corrections to serve the remainder of his sentence imposed in a prior Louisiana felony conviction for aggravated battery. Defendant was released on June 1, 1998, and was arrested two days later on the possession of heroin charge.
_JjThe defendant filed a motion to quash the indictment, arguing that the State failed to try him within the two-year limitation of La. C. Cr. P. art. 578, notwithstanding the fact that the time limitation was interrupted by his failure to appear in court in 1991. He alleged that at the time of his arrest in Illinois in 1993, he was on parole related to a prior conviction in Orleans Parish for aggravated battery. Defendant claimed that on or around June 12, 1993, his attorney had advised him that the State of Louisiana intended to place a detainer against his record, but the Orleans Parish District Attorney had to be consulted. According to the defendant, he heard nothing more about the heroin charge. He served his sentence in Illinois, and on March 27, 1997, he was placed in the Louisiana Department of Corrections to serve the remainder of his sentence for the aggravated battery conviction. He was in prison in Louisiana for fifteen months until his release from Winn Correctional Center on June 1, 1998. The State had placed no detainer for the heroin charge. Defendant further alleged that on June 3, 1998, he reported to his parole officer in New Orleans and was arrested on the outstanding warrant related to the possession of heroin charge. According to the defendant the State was aware of his confinement in Illinois from 1993 but made no effort to prosecute him.
In opposition to the defendant’s motion to quash, the State argued that it was not aware that the defendant had been incarcerated in Illinois. According to the State the defendant failed to appear in court in Louisiana for three separate hearings and was considered at-large. The State argued that the fact that the defendant’s whereabouts were unknown interrupted prescription and the defendant |4was not prejudiced because his sentence in Louisiana would not have been concurrent with his sentence in Illinois.
At the hearing on the motion to quash, the trial judge asked whether there was evidence that a detainer had been placed while the defendant was in Illinois prison because that knowledge would be imputed to the State, and defense counsel answered that there was nothing in the record. Later, while reviewing some documents, defense counsel noted that there had been a detainer and a signed waiver of extradition. At the court’s request, defense counsel agreed to put copies of the documents in the record. The trial judge then concluded that the State’s knowledge of the defendant’s incarceration in Illinois was imputed to the District Attorney’s Office. In view of this, the trial judge concluded the prescriptive period under La. C. Cr. P. art. 578 had run and granted defendant’s motion to quash.
La. C. Cr. P. art. 578 provides in part:
Except as otherwise provided in this Chapter, no trial shall be commenced:
‡ sj: sfc *
(2) In other felony eases after two years from the date of institution of the prosecution. ...
Because the possession of heroin charge was a felony, the State had two years from the filing of the bill of information on May 4, 1990, to commence trial. A prosecution pursued after the two-year period has elapsed can be timely if the prescriptive period was interrupted. La. C. Cr. P. art. 579 provides:
*397 A. The period.of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
|5(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
The State bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by art. 578. State v. Groth 483 So.2d 596 (La.1986). When a defendant seeks to quash the charges against him due to a violation of the La. C. Cr. P. art. 578 time limitations, the State bears the burden of showing that an interruption under La. C. Cr. P. art. 579 occurred. The State is held to a “heavy burden” of showing just and legal cause for the interruption. State v. Joseph, 93-2734 (La.6/3/94), 637 So.2d 1032. To prove flight the State must clearly establish that the purpose of the defendant’s absence was to avoid apprehension, prosecution or detection. State v. Groth, supra at 599. The mere physical detention of the defendant in another state or federal prison and beyond the control of the state will not alone serve to interrupt prescription. Id. at 596. If the State undertakes some efforts during the two-year prescriptive period to bring a defendant back to Louisiana for trial when he is incarcerated in another state (even if extradition is not allowed), that action would arguably constitute an interruption under La. C.Cr.P. art. 579(A)(2). Id. at 601.
The State argues in its writ application that its failure to prosecute within the two-year period was justified under the factors set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), when the reason for the delay was a combination of the defendant’s fleeing the state, his arrest in another state, and extradition upon the defendant’s release from jail in the other state.[1] The StateJjsargues that the defendant fled Louisiana in 1991 and was arrested two years later in Illinois. According to the State, the courthouse record includes extradition papers from 1997, but it does not indicate when Louisiana placed the detainer. The State argues that if the detainer had been placed within the last two years, then the prescriptive period has not run. If the detainer had been placed before that time, the State’s failure to prosecute could be justified under the other Barker v. Wingo factors as interpreted in State v. McCarter, 469 So.2d 277 (La.App. 2 Cir.1985). The State points out that the defendant did not assert his right to a speedy trial during the two-year at large period before he was arrested in Illinois. It contends that he was not prejudiced because his sentence in Illinois would not have run concurrently to a sentence in Louisiana and the defendant (a habitual offender with a prior conviction for aggravated battery and a felony conviction in Illinois) would be a third offender, facing a sentence of life imprisonment under La. R.S. 15:529.1(A)(iii).
The State’s reliance on State v. McCarter is misplaced as that case involved a 14 1/2 months delay, well within the two-year period set out by La. C. Cr. P. art. 578. The defendant, Kenneth McCarter, was incarcerated in Mississippi during those months. After he was released in October 1983, he was turned over to Louisiana authorities pursuant to a detainer. McCarter had filed a demand to be returned to Louisiana for trial on October 19, 1992. He argued that the State violated his constitutional right to a speedy trial by taking no action. The Second Circuit considered the Barker v. Wingo fac *398 tors. In light of the length of delay, the defendant’s incarceration in Mississippi without any attempt by the State to secure his presence, and the lack of prejudice to him, the Court concluded that there was no violation of his right to a speedy trial.
Rln State v. Devito, 391 So.2d 813 (La.1980), the defendant was incarcerated in New Jersey and was not extradited in order to go to trial within the two-year period provided by La. C. Cr. P. art. 578. The Supreme Court looked to this article and La. C. Cr. P. art. 579 and held that the State did not carry its heavy burden of proving that it could not act or was prevented from acting to secure the defendant’s presence after it received notice that the defendant was in prison in another state.
In State v. Kraft, 501 So.2d 313 (La.App. 5 Cir.1987), writ denied, 505 So.2d 1140 (La.1987), the defendant was charged by bill of information on March 1,1978, an attachment was issued on March 17, 1978, and he was arrested in Texas on July 20, 1978. A notation on an instanter subpoena indicated that the Jefferson Parish authorities were informed on November 1,1978, that the defendant was serving a twenty-five year sentence in Texas and prescription ran anew from that date. There was nothing in the record to show that the State attempted to gain the presence of the defendant and that his presence could not be obtained by legal process. The defendant was released in 1982 and taken into custody that year by the Louisiana Correctional System for a parole violation and not released until 1984. The defendant was arraigned on October 2, 1985, and his motion to quash was denied on October 21, 1985. The Fifth Circuit concluded that the State failed to carry its burden of proving that prescription had been interrupted and reversed the trial court’s denial of the motion to quash. Id.
In this case, the State did not commence trial within the two-year period under La. C.Cr. P. art. 578. When the defendant sought to quash the charges against him, the State bore the burden of showing that an interruption under La. C. Cr. P. art. 579 occurred. There was no proof that the defendant failed to appear in court pursuant to actual notice, proof of which appears in the record. There was no evidence to show that the defendant fled the state to avoid detection, apprehension, or prosecution. The State does not allege that it attempted to secure the | gdefendant’s presence during his incarceration in Illinois. Although the State claims that it was not aware that the defendant was in prison in Illinois, a detainer was in place before he was released in 1997. The State claims that there was no indication when the detainer was placed on the defendant’s record in Illinois, but it is the State that bears the burden of proof. The State did not carry its heavy burden in this case. The trial court properly granted the motion to quash.
Accordingly, the judgment of the trial court granting defendant’s motion to quash is affirmed.

WRIT APPLICATION GRANTED! JUDGMENT AFFIRMED.

. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set forth four factors that must be considered in determining whether a defendant has been deprived of his right to a speedy trial: (1) the length of delay; (2) the reason for the delay; (3) the defendant’s assertion of his right; and (4) prejudice to the defendant.