ROLAND L. BELSOME, Judge.
|, The State of Louisiana appeals the trial court’s grant of the Defendant-Appellee’s motion to quash the bill of information. For the reasons that follow, we reverse and remand.

STATEMENT OF THE CASE AND PROCEDURAL HISTORY

On December 19, 2005, in case number 463-133, the State filed a bill of information[1] charging Defendant-Appellee, La-shonda Lenox, with failing to register as a sex offender, in violation of La. R.S. 15:542.[2] The record reveals that the defendant failed to appear for arraignment on the following dates: March 6, 2006, April 4, 2006, May 2, 2006, May 23, 2006, June 6, 2006, June 27, 2006, July 18, 2006, and August 16, 2006. On August 16, 2006, the trial court issued an alias capias for the defendant’s arrest and set a bond forfeiture hearing for August 31, 2006. On August 31, 2006, the defendant failed to appear for the bond forfeiture hearing. After hearing the State’s case in favor of forfeiture, the trial court granted the bond forfeiture and left the alias capias in effect.
|2On September 28, 2006, the defendant was arrested and arraignment was set for October 12, 2006. On October 12, 2006, the defendant appeared for arraignment and pled not guilty to the charges, and the magistrate court set a trial date on the State’s charges for November 9, 2006. Significantly, the minute entry for October 12, 2006, indicates that the defendant was notified in court. Further, the record includes a copy of the notice received by the defendant in court with the defendant’s acknowledging signature.
On November 9, 2006, when the defendant failed to appear for trial, the case was continued without date, and the matter was returned to the clerk’s office for re-allotment on motion of the State.[3] A status conference was set for November 30, 2006; the defendant failed to appear for the conference. The minute entry for November 30, 2006, notes that the case was then transferred to Section G of court; however, the case was subsequently transferred back to Section K. The trial court set a status conference for December 21, 2006; the defendant failed to appear at the conference, and the trial court transferred the case back to Section One of magistrate court.
The magistrate court set a status conference for February 5, 2007. The minute entry for February 5, 2007, indicates that the defendant failed to appear at the conference, and the magistrate transferred the case to Section F, noting that the case included a felony charge. On August 16, 2007, Section F ordered that defendant’s case be re-allotted as a second class case; the case was then re-allotted to Section G. The trial court set a status conference for September 13, 2007. On September 13, 2007, the defendant appeared for the status conference, and the trial Lcourt set a status hearing for September 27, 2007, at which time the court ordered that the case be re-allotted.
*81 On October 25, 2007, the State and the defendant appeared (before Section E) for a status conference. On motion of the State, the trial court continued the case and set a status conference for November 5, 2007. On November 5, 2007, the trial court set a pre-trial conference for November 28, 2007. At the pre-trial conference, the trial court set a trial date of December 18, 2007. On December 18, 2007, the trial court continued the trial date on joint motion of the State and the defendant to December 21, 2007.
On December 21, 2007, the defendant appeared for trial and filed a motion to quash the bill of information, which alleged that the State failed to timely begin trial in this matter within two years of the filing of the bill of information. The trial court granted the Defendant’s motion to quash, noting that more than two years had passed since the filing of the bill of information. This appeal followed.

DISCUSSION

In its sole assignment of error, the State asserts that the trial court erred when it granted defendant’s motion to quash the bill of information based on the State’s failure to bring its case to trial in a timely manner. The Louisiana Supreme Court has held that under La.C.Cr.P. art. 578,[4] the State bears the burden of 1 ¿justifying an apparently untimely commencement of trial on grounds that the time limits in La.C.Cr.P. art. 578 were either interrupted[5] or suspended. State v. Joseph, 93-2734 (La.6/3/94), 637 So.2d 1032. La. C.Cr.P. art. 580 provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
La.C.Cr.P. art. 580 (emphasis added).
The State first asserts that the trial court’s judgment should be reversed because the defendant allegedly provided a false address for service.[6] Additionally, the State argues that a suspension of the proceedings occurred on | .¿December 18, 2007, when the defendant joined with the *82 State in asking for a continuance of the trial date.
Upon a careful review of the record, we find that the trial court erred in granting the defendant’s motion to quash. In this case, the record indicates that on October 12, 2006, the defendant was present and notified in court when the trial court set a trial date for November 9, 2006. A copy of the notice of the November 9, 2006 trial date with the defendant’s acknowledging signature is also in the record. Nevertheless, the record indicates that the defendant failed to appear for trial on November 9, 2006. As previously noted, La. C.Cr.P. art. 579(A)(3) provides that the applicable period of limitation is interrupted if the defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record. In this case, the record evidences that the defendant failed to appear for trial on November 9, 2006, despite actual notice. Therefore, pursuant to La.C.Cr.P. art. 579(A)(8), the defendant’s failure to appear for trial on November 9, 2006, caused an interruption in the proceedings.
The record further indicates that the defendant next appeared in court on September 13, 2007. Thus, the trial court erred when it granted the defendant’s motion to quash on December 21, 2007, because two years had yet to elapse from the defendant’s initial failure to appear at the November 9, 2006, trial date.
Furthermore, La.C.Cr.P. art. 580 provides that a preliminary plea filed by the defendant will serve to suspend the running of the limitation period. In State v. Brazile, 2006-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, writ denied, 2007-1339 (La.1/7/08), 973 So.2d 733, this Court reiterated the established principle that a joint motion for continuance constitutes a preliminary plea that serves to suspend the proceedings in accordance with La. C.Cr.P. art. 580. In this ease, the | ¿record evidences that the defendant joined with the State in requesting a continuance on December 18, 2007. Therefore, pursuant to La.C.Cr.P. art. 580, the State would have no less than one year after the granting of the joint motion on December 18, 2007, to commence trial. Although the defendant denies joining with the State in requesting the continuance, we are unable to locate any evidence in the record to support the assertion that the December 18, 2007 minute entry is erroneous.[7] Accordingly, the trial court’s grant of the defendant’s motion to quash must be reversed.

CONCLUSION

For the aforementioned reasons, we find that the trial court erred in granting the defendant’s motion to quash. The matter is hereby reversed and remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. The record in this case is devoid of any facts pertaining to the underlying charge against the defendant.

. Defendant's case was originally allotted to Section F but was transferred, for reasons not revealed in the record, to Section One of magistrate court on January 23, 2006.

.The case was then transferred to Section K.

. Article 578 provides:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
1) In capital cases after three years from the date of institution of the prosecution;
2) In other felony cases after two years from the date of institution of the prosecution; and
3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.
La.C.Cr.P. art. 578 (emphasis added).

. Article 579 provides:
A. The period of limitation established by Article 578 shall be interrupted if:
1)The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
La.C.Cr.P. art. 579 (emphasis added).

.The State argues that due to an erroneous address on the bond document, an interruption occurred on August 16, 2006, and the time limits for initiating trial did not commence again until the defendant appeared in Court on October 12, 2006. The State maintains that the defendant intentionally provid *82 ed a false address on a November 9, 2005, bond document with the intent to elude service. An examination of the record reveals two bond documents. The first document, dated November 9, 2005, lists the defendant’s address as "217 N. Tonti St.” in New Orleans. However, the address is handwritten and could be reasonably interpreted as “Port St.” The second bond document in the record is dated September 24, 2006, and lists the plaintiff's address as "217 N. Tonti St.” in New Orleans. Sheriff's deputies attempted unsuccessfully to serve the defendant with a notice on August 16, 2006, at "217 Port Street”, a nonexistent address.

. The December 18, 2007 minute entry reads as follows: "On joint motion by the state and defense, the court granted a continuance.” Additionally, the docket master entry for December 18, 2007 reads as follows: "Continued on joint motion.”