*1233
 
 PATRICIA RIVET MURRAY, Judge.
 

 IjThe defendant, Wayne P. Wilson, appeals his conviction of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. For the reasons that follow, we affirm the conviction, but vacate the sentence on account of an error patent and remand to the trial court for resentencing.
 

 STATEMENT OF CASE
 

 The State originally charged Mr. Wilson on July 25, 2008, in case no. 479-706, with possessing a firearm in an alcoholic beverage outlet, a misdemeanor violation of La. R.S. 14:95.5. On August 10, 2009, Mr. Wilson filed a motion to quash in that case based upon the State’s failure to commence trial within the one year period required by La.C.Cr.P. art. 578(A). The trial court denied that motion, and this Court denied the defendant’s writ application.
 
 [1]
 
 The State dismissed that charge on January 19, 2010. Before doing so, however, the State charged Wilson with being a felon in possession of a firearm, a violation of La. R.S. 14:95.1, in the instant case (no. 493-006) on December 9, 2009.
 

 |2On March 5, 2010, the defendant filed — and the trial court denied — a motion to quash the new bill of information, arguing that it had been instituted as part of a scheme to circumvent the time limitation in La.C.Cr.P. art. 578(A). This Court denied the defendant’s subsequent writ and request for stay,
 
 [2]
 
 following which the Louisiana Supreme Court also denied the defendant’s writ.
 
 [3]
 

 The defendant was tried and convicted by a jury on April 28, 2010. On August 27, 2010, the trial court found him to be a second multiple offender
 
 [4]
 
 and sentenced him to twenty years at hard labor. This appeal follows.
 

 STATEMENT OF FACT
 

 At trial, Tremell Tate testified that on June 14, 2008, he was working as a security detail at the Perfect Fit nightclub when he saw the defendant, Mr. Wilson, sitting at the bar. Mr. Tate observed that the defendant’s shirt was raised, revealing a gun. Mr. Tate then walked by Mr. Wilson and grabbed the gun as he was passing. A struggle ensued.
 

 During the struggle, someone called the police. Mr. Tate managed to subdue the defendant and to confiscate the gun, which Mr. Tate gave to the disc jockey. When the police arrived, they handed Mr. Tate a pair of handcuffs, which he put on the defendant. The police then took the defendant into custody. Mr. Tate saw the disc jockey turn the gun over to a sheriffs deputy, who gave it to the police.
 

 |sThe defendant testified, denying that he had a gun on him that night. He said he had been searched at the front door, which Mr. Tate had testified was equipped with a metal detector.
 
 [5]
 
 The defendant testified that he was intoxicated that night. He recalled sitting at the bar at the club; however, the next thing he could remember was waking up in the police car and learning that he was being charged with possession of a firearm.
 

 
 *1234
 

 ASSIGNMENT OF ERROR
 

 In his sole assignment of error, the defendant argues: 1) the felony indictment was not permissible under La.C.Cr.P. art. 581 because the misdemeanor charge had not been brought to trial within the time required by La.C.Cr.P. art. 578; and 2) the new indictment was not permissible under La.C.Cr.P. art. 576 because the original indictment had been dismissed in order to avoid the time limitation in La. C.Cr.P. art. 578.
 

 The State counter argues that the delay in the original case was beyond the State’s control, and that La.C.Cr.P. art. 581 is inapplicable in this instance because the new charge was greater than the original charge and was not based on the same facts as the original charge.
 

 Timeliness of original prosecution
 

 The defendant was originally charged on July 25, 2008, with possessing a firearm in an alcoholic beverage outlet, a violation of La. R.S. 14:95.5 and a misdemeanor. Pursuant to La.C.Cr.P. art. 578(A)(3), the State had one year from I,,the institution of prosecution to commence trial. More than one year later, on August 10, 2009, the defendant filed a motion to quash that charge because trial had not commenced. When a defendant files an apparently meritorious motion to quash based on prescription, the State bears the burden of proving an interruption or suspension that tolls the running of prescription.
 
 State v. Rome,
 
 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286. According to La.C.Cr.P. art. 579, an interruption occurs when:
 

 (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
 

 (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
 

 (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
 

 With regard to suspension, La.C.Cr.P. art. 580 provides:
 

 A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
 

 B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.
 
 [6]
 

 In the instant case, the State has not pointed out any factor that would serve to interrupt or suspend prescription on the misdemeanor charge against Mr. Wilson. Instead, the State argues that a December 8, 2008 continuance was beyond its control. Actually, the docket master from case no. 479-706 shows that |Bthis continuance was for a status conference. Moreover, at that time, the State had six months left to prosecute the misdemeanor charge against Mr. Wilson. Furthermore, in
 
 State v. Joseph,
 
 93-2734 (La.6/3/94), 637 So.2d 1032, the Louisiana Supreme Court held that a heavy trial docket was not a cause beyond the control of the State for purposes of interrupting prescription. Accordingly, the defendant’s motion to quash the misde
 
 *1235
 
 meanor charge should have been granted. Nevertheless, we find that the subsequent felony bill of information was properly filed.
 

 Applicability of La.C.Cr.P. arts. 576 and 581 to felony charge
 

 Both La.C.Cr.P. arts. 576
 
 [7]
 
 and 581
 
 [8]
 
 prohibit reinstitution of charges “for the same or a lesser offense based on the same facts.”
 
 [9]
 
 The plain wording of these statutes indicates a legislative intent not to apply these articles to charges that are
 
 greater
 
 than the original ones. In the instant case, the defendant was originally | Rcharged with possession of a firearm on the premises of an alcoholic beverage outlet, a misdemeanor pursuant to La. R.S. 14:95.5(D). The State then charged him with being a felon in possession of a firearm, a felony pursuant to La. R.S. 14:95.1(B). Because this charge is more egregious than the original misdemeanor charge, it cannot be said to be “the same or a lesser offense.” Therefore, La. C.Cr.P. arts. 576 and 581 do not apply in this case.
 

 La.C.Cr.P. art. 572(A)(1) imposes a limitation of six years from the date an offense has been committed to prosecute, try, or punish an individual who has committed a felony necessarily punishable by imprisonment at hard labor. La. R.S. 14:95.1(B) mandates imprisonment at hard labor. Therefore, the State had six years from June 14, 2008 in which to prosecute, try or punish the defendant. This time has not yet passed. Accordingly, the defendant’s argument that La.C.Cr.P. arts. 576 and 581 prohibited the filing of the second bill of information is without merit.
 

 ERRORS PATENT
 

 The record reveals an error patent in that Mr. Wilson received an illegal sentence. The trial court sentenced him to twenty years at hard labor. This sentence is illegal in two respects. First, La. R.S. 14:95.1(B) requires that the sentence be “without the benefit of probation, parole, or suspension of sentence.” In addition, the statute requires a fine of $1,000 to $5,000.
 

 La. R.S. 15:301.1(A) states:
 

 |7When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain
 
 *1236
 
 the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
 

 According to this provision, remand is not necessary to correct the trial court’s omission of the requirement that the sentence be served without the benefit of probation, parole, or suspension of sentence.
 

 However, we find that remand is necessary to rectify the omission of the requisite fine. See
 
 State v. Stephens,
 
 2009-0631, 2009-0632, p. 10 (La.App. 4 Cir. 11/24/09), 27 So.3d 987, 993.
 

 CONCLUSION
 

 Although the record demonstrates that the State failed to try Mr. Wilson in case no. 479-706 within the time required by La.C.Cr.P. art. 578(3), and that the motion to quash filed in that case should have been granted, this error is harmless because the subsequent felony charge was properly and timely instituted. Accordingly, the defendant’s sole argument on appeal is without merit. We therefore affirm the conviction.
 

 However, for the aforementioned reasons, the defendant received an illegal sentence. Accordingly, we vacate the sentence and remand the case to the trial court to impose a legal sentence in accordance with La. R.S. 14:95.1(B).
 

 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
 

 [1]
 

 .
 
 State v. Wilson,
 
 2009-1447 (La.App. 4 Cir. 1/15/10),
 
 unpub.
 

 [2]
 

 . State v. Wilson,
 
 2010-0340 (La.App. 4 Cir. 3/8/10),
 
 unpub.
 

 [3]
 

 .
 
 State v. Wilson,
 
 2010-0774 (La.4/8/10), 31 So.3d 375.
 

 [4]
 

 . On November 7, 2002, Mr. Wilson pled guilty to attempted possession of cocaine in 24th Judicial District Court case no. 02-3281 and received a one year sentence.
 

 [5]
 

 .Mr. Tate also stated that there was another entrance to the nightclub, a side door, which did not have a metal detector. He further testified that he did not see Mr. Wilson enter the club.
 

 [6]
 

 . La.C.Cr.P. art. 709 B, which is inapplicable to the instant situation, refers to a continuance necessitated by the absence of a witness who is a member of the military.
 

 [7]
 

 .La.C.Cr.P. art. 576 states:
 

 When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the
 
 same offense or for a lesser offense
 
 based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
 

 A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
 

 Emphasis added.
 

 [8]
 

 . La.C.Cr.P. art. 581 states:
 

 Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial. If the indictment is dismissed under this article, there shall be no further prosecution against the defendant
 
 for the same or a lesser offense
 
 based on the same facts.
 

 Emphasis added.
 

 [9]
 

 . La.C.Cr.P. art. 576 prohibits charging "for the same offense or for a lesser offense based on the same facts.” This wording is slightly different but has the same meaning.