| STATE OF LOUISIANA | * | NO. 2019-KA-0512 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| GERARD LADMIRAULT | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 519-334, SECTION "E"
Honorable Keva M. Landrum-Johnson, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge
Paula A. Brown)


Leon Cannizzaro
DISTRICT ATTORNEY, ORLEANS PARISH
Scott G. Vincent
Donna Andrieu

ASSISTANT DISTRICT ATTORNEYS
619 S. White Street
New Orleans, LA 70119


      COUNSEL FOR APPELLEE


Martin Edward Regan, Jr.
Donna Orjuela
REGAN LAW, PLC
2125 St. Charles Avenue
New Orleans, LA 70130


      COUNSEL FOR APPELLANT


                                  **AFFIRMED**
                            **December 18, 2019**

This is a criminal appeal. Defendant, Gerard Ladmirault, was charged by bill of information, on February 24, 2014, with aggravated oral sexual battery of L.G.[1] (La. R.S. 14:43.4(A)(3)(1991).[2] Defendant's first and second trials resulted in mistrials. Prior to commencement of the third trial, Defendant filed, on March 20, 2018, a motion to quash the bill of information for failure of the State to timely commence trial. A hearing on the motion was held, and the district court denied the motion.

Following, on October 16, 2018, a jury trial commenced. At the conclusion of closing arguments, Defendant moved for a mistrial and the district court denied the motion. Following, Defendant was found guilty as charged by the jury on October 17, 2018. On December 11, 2018, a sentencing hearing was held. Prior to imposition of sentence, the district court denied Defendant's motion for new trial. Defendant waived sentencing delays, and he was sentenced to fifteen years at hard labor.[3]

Defendant timely appeals and asserts that the district court erred in denying his motion for mistrial and his motion to quash the bill of information. For the reasons set forth below, we affirm Defendant's conviction and sentence.

---

[1] La. R.S. 46:1844(W) prohibits public disclosure of the names, addresses, or identities of crime victims under the age of eighteen years and of all victims of sex offenses, and authorizes use of initials, abbreviations, etc.

[2] This offense is no longer separately recognized in Louisiana and the elements have since been subsumed by La. R.S. 14:42(A)(3), the offense of first degree rape.

[3] The district court ordered the sentence to run currently to any other sentences and noted Defendant's crime was a crime of violence.

1

## STATEMENT OF FACTS

The testimony at trial revealed Defendant forced fourteen-year old L.G. to perform oral sex on him, and he threatened to kill her, while brandishing a knife, if she refused.

L.G. testified she was fourteen years old in 1991. L.G. stated that her mom was a drug addict and was not often around. As a result, L.G. lived with a family friend, Cynthia Carriere, who L.G. referred to as "Miss Cynthia." L.G. explained she knew Defendant as a friend of Miss Cynthia's, and he would often come to Ms. Cynthia's house to visit. L.G. stated that she believed Defendant was in his mid-thirties in 1991.

On October 16, 1991, Defendant told L.G. he would take her to purchase school uniforms; instead, Defendant transported L.G. to his house. Once in the house, Defendant pushed L.G. down, held a knife to her neck, and forced her to perform oral sex on him. Defendant threatened to kill L.G. if she did not comply. L.G. recalled Defendant ejaculated in her face, on her chest, and all over her shirt. Defendant grabbed a white towel and wiped the semen off of L.G. Afterwards, Defendant drove L.G. to Miss Cynthia's home. During the drive, Defendant brandished a firearm and warned L.G. that he would kill her if she told anyone what had happened.[4]

Upon arrival to Miss Cynthia's home, L.G. recounted what happened to Miss Cynthia and L.G.'s cousin, who was visiting. Immediately, L.G. reported the

---

[4] T.S., who was not the victim in the instant case, testified pursuant to La. C.E. art. 412.2. T.S. testified that in 1991, while she was walking, Defendant offered her a ride which she accepted. Once in the vehicle, Defendant showed T.S. he had a gun and forced her to the floor of the vehicle. Defendant traveled to a warehouse, pulled into the garage, and closed the garage door. Upon arrival at the warehouse, T.S. exited the vehicle. Defendant, with the gun nearby, forced T.S. to perform oral sex on him and to have anal sex with him. T.S. testified that Defendant was acquitted of any criminal charges stemming from the incident.

incident to police and the police responded. The next day, L.G. met with a detective and gave a formal statement. The case, however, never went to trial. L.G. explained that her mother came to her with an affidavit that she signed, and at the time, she did not understand that the affidavit allowed the charges against Defendant to be dropped.

At trial, Miss Cynthia corroborated L.G.'s testimony: L.G. told her what occurred when L.G. returned home from her encounter with Defendant; L.G. reported the incident to the police; and L.G.'s mother attempted to have L.G. drop the charges against Defendant. Ms. Cynthia stated she believed L.G.'s' allegation against Defendant the night of the incident because she observed seminal fluid on L.G.'s face. Miss Cynthia stated that she terminated her friendship with Defendant soon after the incident.

L.G. testified that she saw Defendant, decades later, drop off a little girl at the same school her son attended. L.G. became upset and drove to the District Attorney's office to inquire about her old case, and learned that "the case had been thrown out, or something to that effect." The prosecutor informed L.G. that the case had not yet prescribed, and L.G. advised the prosecutor that she wished to pursue the charges against Defendant.

## ERRORS PATENT

In accordance with La.C.Cr.P. art. 920, all appeals are routinely reviewed for errors patent on the face of the record. In the case *sub judice*, there are no errors patent.

DISCUSSION

On appeal, Defendant assigns two errors: (1) the district court erred in denying his motion for mistrial; and (2) the district court erred in denying his motion to quash the bill of information.

*Motion for mistrial (assignment of error no. 1)*

Defendant asserts that the district court erred by failing to declare a mistrial on three grounds which occurred during the State's rebuttal to closing arguments: (1) the State indirectly referenced Defendant's failure to testify at trial; (2) the State improperly commented that the jurors were the only people remaining with the power to stand up for the victim; and (3) the State improperly referenced the two previous mistrials in violation of the district court's order.

There are three ways for a defendant to properly preserve for review an alleged error of improper comments by the State: object to the alleged error, request the trial court to admonish the jury, and/or move for a mistrial. La. C.Cr.P. arts. 771,[5] 775, and 841.[6] A mistrial may be ordered, and in a jury case, the jury dismissed, when "[t]here is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law." La. C.Cr.P. art.

---

[5] La. C.Cr.P. art. 771 pertinently provides:

> In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
>
> (1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
>
> * * *
>
> In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.

[6] La. C.Cr.P. art. 841 provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."

4

775(3). The standard for review of a trial court's ruling denying a request for a mistrial is abuse of discretion.

First, Defendant contends that the State, in its rebuttal to closing arguments, indirectly referred to his failure to testify:

> Do you[r] kids know where you ejaculate? Are children going to be able to tell me where pieces of clothing are in the house with semen on it? Well, no. That would greatly concern me if that could happen. She did it at fourteen. You know what explanation you've been provided with for that? Nothing. There had been nothing to refute that. No one has taken the stand and explained in any way how a fourteen-year-old girl, right after saying she was raped, was able to tell the detective, "go to that house; go in the bathroom. There is a white towel with his semen on it."

Defendant argues the State's reference to his failure to testify violated his constitutional right against self-incrimination and is grounds for a mandatory mistrial.

> Louisiana Code of Criminal Procedure Article 770 pertinently provides:
>
> Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
> * * *
> (3)The failure of the defendant to testify in his own defense.
>
> * * *
>
> An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

The revised comment, (b), to La. C.Cr.P. art. 770 provides that "[a] failure to move for a mistrial is a waiver of the error, since this article requires a motion by the defendant."

5

The appellate record reflects that defense counsel objected to this alleged error stating that "[t]he inference of the defendant having to call somebody to the stand is out of line." Defendant did not move for a mistrial. The district court sustained defense counsel's objection and ordered the State to rephrase its argument. Because there is no adverse ruling as the objection was sustained, and Defendant did not move for a mistrial on this basis, there is nothing for this Court to review. Thus, this claim is denied.

Second, Defendant asserts the State committed prosecutorial misconduct by telling the jury it had the power to stand up for the victims:

> I will sit down. I am sure you'll be happy. And all this power in the room will be sucked up. The judge will have no power. The DA's, we will have no power. She will become powerless. And the only thing standing between that predator and that door will be the six of you. You will have all the power.
>
> That 14-year old girl is standing at that door. All of his victims are standing at that door, just waiting just hoping that someone will stand with them. And it needs to be you and it needs to be you today. She has done enough.

Defendant argues that it was improper for the State to appeal to "fear, prejudice or encourage the jury to predict major consequences to society if the accused [was] acquitted."

Louisiana Code of Criminal Procedure Article 774 provides:

> The [closing] argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The state's rebuttal shall be confined to answering the argument of the defendant.

In *State v. Clark*, 01-2087, p. 15 (La. App. 4 Cir. 9/25/02), 828 So.2d 1173, 1183, this Court expounded on the parameters of a prosecutor's closing arguments:

6

The scope of closing argument "shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The state's rebuttal shall be confined to answering the argument of the defendant." La.C.Cr.P. art. 774. Prosecutors may not resort to personal experience or turn argument into a plebiscite on crime. *State v. Williams*, 96-1023, p. 15 (La.1/21/98), 708 So.2d 703, 716. However, prosecutors have wide latitude in choosing closing argument tactics. *State v. Casey,* 99-0023, p. 17 (La.1/26/00), 775 So.2d 1022, 1036, citing *State v. Martin*, 539 So.2d 1235, 1240 (La.1989) . . . . Further, the trial judge has broad discretion in controlling the scope of closing arguments. *Id.*

In the case *sub judice*, Defendant failed to object, to request an admonition, or to move for a mistrial based on the complained of comment. In *State v. Hayes*, 364 So.2d 923, 926 (La. 1978), the Supreme Court, addressing a defendant's argument regarding an improper comment by the State, held that "in the ordinary course of matters, we would consider foreclosed any objection raised for the first time on appeal, since any irregularity or error must be objected to at the time of its occurrence" citing La. C.Cr.P. art. 841. The *Hayes* court continued and explained that an exception to the contemporaneous objection rule is "if the summation was 'so extremely inflammatory and prejudicial' . . . that allowing the verdict to stand would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *Hayes*, 364 So.2d at 926 (quoting *United States v. Briggs*, 457 F.2d 908, 912 (2d Cir. 1972)). Yet, in the event that the State's comments exceed the bounds of proper argument:

> [A] reviewing court will not reverse a conviction unless 'thoroughly convinced' that the argument influenced the jury and contributed to the verdict. *State v. Ricard,* 98-2278, p. 4 (La. App. 4 Cir. 1/19/00), 751 So.2d 393, 397. Even where the prosecutor's statements are improper, credit should be accorded to the good sense and fairmindedness of the jurors who have heard the evidence. [*State v.*]

> *Williams*, [96-1023, p. 15 (La.1/21/98), 708 So.2d 703, 716]; *Ricard, supra.*

*Clark*, 01-2087, p. 15, 828 So.2d at 1183.

We do not find the State's comments were so "so extremely inflammatory and prejudicial," and even if we did, we are not "thoroughly convinced" that the comments influenced the jury and contributed to the verdict. *Id.*[7] The undisputed testimony at trial indicated Defendant forced fourteen-year old L.G. to perform oral sex on him, and he threatened to kill her, while brandishing a knife, if she refused. This claim is unpersuasive.

Third, Defendant complains that the State violated the district court's order to refrain from referencing Defendant's prior trials, when it told the jury, during rebuttal to closing arguments, that if it could not reach a verdict, the victim would return for round "four," "five," and "six."[8] Following this statement by the State, defense counsel objected and the district court overruled the objection. Next, defense counsel moved for a mistrial on the grounds that the State disobeyed the district court's order for the parties not to make any references to the prior trials. The district court denied the motion.

---

[7] *See State v. Harry*, 01-2336, p. 11 (La. App. 4 Cir. 6/26/02), 823 So.2d 987, 996 (wherein this Court held that the state's reference to the defendant, charged with possession and distribution of cocaine, as someone who might approach the children of the jurors or someone they cared about was not reversible error).

[8] Prior to trial, the State filed a motion in limine to prohibit Defendant from referencing the outcome of the previous trials; specifically, the jury's inability to reach a verdict. The district court granted the motion over Defendant's opposition. The granting of the motion was in keeping with La. C. Cr. P. art 857 which provides that "[t]he effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried." The Louisiana Supreme Court interpreted this article "'[a]s a minimum, it would seem that the article was intended to mask from the jury members the fact that a defendant before them had previously been convicted.'" *State v. Crockett*, 583 So.2d 593, 596 (La. App. 4th Cir. 1991)(quoting *State v. Reed*, 324 So.2d 373 (La.1975)).

We find that the comment complained of by Defendant did not directly reference the previous trials or their outcomes. Moreover, even if the State's remarks were referencing the previous trials, the State did not mention the outcome of the trials. In *State v. Crockett*, 583 So.2d 593, 596 (La. App. 4th Cir. 1991), this Court held that the trial court did not error in denying a defendant's motion for a mistrial when a prosecutor referenced a previous trial but did not mention the verdict. This Court noted that defense counsel, during questioning of a witness at the trial, referenced the previous trial. As in *Crockett*, defense counsel referenced the other trials during the cross-examination of L.G.[9] Thus, we conclude that the district court did not abuse its discretion in denying Defendant's request for a mistrial on this ground.

Considering the foregoing discussion, this assignment of error lacks merit.

*Motion to quash (assignment of error no. 2)*

Defendant asserts that the district court erred in denying his motion to quash the bill of information on the ground that the State failed to timely commence trial as required by La. C.Cr.P. arts. 578 and 582.

"Louisiana jurisprudence recognizes two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La. C.Cr.P. arts. 701 and 578, and a constitutional right guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 16 of the Louisiana Constitution." *State v. Andrews*, 18-0149, p. 8 (La. App. 4 Cir. 9/12/18) 255 So.3d 1106, 1113 (citing *State v. Sorden*, 09-1416, p. 7 (La. App. 4 Cir. 8/4/10), 45 So.3d 181, 186). "The

---

[9] For example, when the victim could not recall telling the police in 1991 that Defendant left seminal fluid on her blouse, defense counsel asked her if she recalled "testifying in this matter before." In addition, in the jury's presence, defense counsel provided the victim with transcripts of her previous testimony to refresh her memory, and asked whether her previous testimony or her current testimony was correct.

9

two are not equivalent" and involve "wholly separate inquiries." *Id.* In his motion to quash filed in the district court, Defendant only argued his constitutional right to a speedy trial was violated. At the hearing on the motion to quash, however, the district court addressed whether Defendant's statutory and constitutional rights to a speedy trial had been violated, and concluded neither had been violated. Notwithstanding, on appeal, Defendant challenges only the district court's finding that Defendant's statutory right to a speedy trial was not violated. Because Defendant, on appeal, failed to raise, brief, or argue that his constitutional right to a speedy trial was violated, it is deemed abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4(b)(4). As a result, this Court's review is limited to whether the district court erred in denying Defendant's motion to quash on the ground his statutory right to a speedy trial was violated.

Louisiana Code of Criminal Procedure Article 701 provides that a defendant has a right to a speedy trial. In this case, pursuant to La. C.Cr.P. art. 578, the State had two years to commence trial from the date the bill of information was filed against Defendant.[10] Following the second trial which resulted in a mistrial, the State had one year from the date the mistrial was ordered—June 24, 2016—or within the period established by Article 578, whichever was longer to commence Defendant's trial under La. C.Cr.P. art. 582. In this case, the one year from the date of mistrial was longer; consequently, the State had until June 24, 2017 to

---

[10] La. C.Cr.P. art. 578 pertinently provides:

> A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
> * * *
> (2) In other felony cases after two years from the date of institution of the prosecution. . . .

commence trial. The third trial did not commence until October 16, 2018, outside the one year time period.

A motion to quash is the proper procedural vehicle for challenging the state's failure to timely commence trial. La. C.Cr.P. arts. 532.[11] If a defendant's motion to quash is apparently meritorious, as in this case, the state bears the burden to prove the time period was interrupted or suspended. *State v. Bell*, 02-2349, p. 9 (La. App. 4 Cir. 8/6/03), 854 So.2d 429, 434 (citations omitted)(wherein this Court explained that "when a defendant brings an apparently meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limitation such that prescription will not have tolled."). If the State fails to do so, the remedy is dismissal of the charging instrument.[12] Louisiana Code of Criminal Procedure Article 582 provides:

> Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. . . . If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.

The State asserts that the time period of art. 582 was interrupted because of a cause beyond its control. Louisiana Code of Criminal Procedure Article 583 provides that "[t]he period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the state must commence the new trial within one year from the date the

---

[11] One of the grounds for a motion to quash is "the time limitation . . . for the commencement of trial has expired." La. C.Cr.P. art. 532(A)(7).

[12] La. C.Cr.P. art. 382(A) pertinently provides that "[a] prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information."

cause of interruption no longer exists." The germane cause listed in L.a C.Cr.P. art. 579(A)(2) is the defendant cannot be tried "for any other cause beyond the control of the state. . . ." In *State v. Rome*, 93-1221 (La. 1994), 630 So.2d 1284, 1287, the Supreme Court explained that "[a]n interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute. . . ."

The State argues the time period to commence trial was interrupted due to the delay in the transfer of the case from Section A to E which was a cause beyond its control writing:

> [T]he case was transferred from Section "A" of Orleans Parish Criminal District Court to Section "E" on October 7, 2016, but the record was not received by Section "E" until February 16, 2018. Until February 16, 2018, when the Clerk formally transferred the court record to Section "E", the State could not bring defendant to trial. Thus, in accordance with 58[3], prescription was interrupted when the case was transferred to Section "E" on [. . . ] October 7, 2016 and did not commence to run anew until the record was received by Section "E" on February 16, 2018. Accordingly, the third trial, commenced on October 16, 2018, was timely. (footnote omitted).

Agreeing with the State, the district court denied Defendant's motion to quash. A trial court's ruling on a motion to quash is discretionary and should not be disturbed by an appellate court absent a clear abuse of discretion. *State v. Love*, 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206 (wherein the Supreme Court opined that deference be given to a trial court's discretionary decision and an appellate court should reverse a trial court's judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion).

In the case *sub judice*, the record reflects that Defendant's charge of aggravated oral sexual battery ("Section A case") was originally allotted to Section A of the Orleans Parish Criminal District Court. Following Defendant's second

mistrial on June 24, 2016, the State filed, on September 13, 2016, a separate bill of information charging Defendant with one count of perjury (La. R.S. 14:123). This charge was allotted to Section E based on the date of offense. The docket master and minute entries contained in the appellate record reflect the actions taken by the State and the district court judge to transfer the matter from Section A to Section E.

On October 7, 2016, the State sought and the district court granted transfer of Defendant's Section A case to Section E to be tried with Defendant's perjury charge. On November 30, 2016, the district court in Section A ordered, in open court, the transfer of the Section A case to Section E. The December 19, 2016 minute entry states: "This case is transferred to Section A . . . improper transfer under rules of court. The matter is continued without date." The January 2017 entries provide that the matter was transferred to Section E.

On February 7, 2017, the State filed a motion and order for a judicial finding that the aggravated oral sexual battery was a third-felony class case and the matter in Section A be transferred to Section E.[13] On February 22, 2017, as reflected in the docket master, the Section A district court judge denied the motion "finding that this case was order[sic] re-allot to another section of Court."

---

[13] In its motion, the state relied on Louisiana Rules of Court App. 14.0A in support of its contention that it was entitled to a transfer of the aggravated oral sexual battery case out of Section "A" to follow the newly-filed perjury case that had been randomly allotted to Section "E." The rule provided during the relevant time frame (2016):

> When there are multiple cases pending against a defendant, they shall be transferred to one (1) Judge for disposition. Cases shall be transferred to the Judge who has the more serious case, that is, the one with the highest class offense. If there are two (2) or more cases in the same classification, then the cases shall be allotted to the Judge presiding over the case with the lowest docket number, whether the defendant is charged alone or with others.

Also, in its motion, the State requested the court take notice that the aggravated oral sexual battery is a third-felony class case.

On March 22, 2017, the State was ordered to update the class of the case; the aggravated oral sexual battery was mistakenly classified as a second-felony class case instead of a third-felony class case.

Notwithstanding, on July 11, 2017, the Section A case was ordered by the district court judge to be transferred to Section E. On February 16, 2018, the clerk's office transferred the court record for the Section A case to Section E.[14]

There were no Louisiana reported cases directly on point found; thus, we turn to Louisiana jurisprudence for guidance wherein the state asserted as a ground, a cause beyond its control, for interruption or suspension of the statutory time period to commence trial.

In *State v. Cotton*, 01-1781(La. App. 1 Cir. 5/10/02), 818 So.2d 968, the appellate court found that the state satisfied its burden of proving an interruption of the time limitation for commencement of trial by showing that the delay was created by the exercise of the State's right to appellate review. The appellate court held that that "[n]othing in the plain language of La.C.Cr.P. art. 579(A)(2) removes the delays created by courts' appellate review of all motions or actions taken by the state from the ambit of the statutory cause for interruption or suspension." *Id.*, 01-1781, p.7, 818 So.2d at 973.

In *State v. Scott*, 04-1142 (La. App. 4 Cir. 7/27/05), 913 So.2d 843, 851, the defendant complained his statutory and constitutional rights to a speedy trial were violated. This Court, in addressing both the statutory and constitutional rights to a speedy trial together, denied the defendant's claim finding the delay was beyond

---

[14] A status hearing in Section E was set for February 20, 2018 was continued on defense's motion; however, this motion to continue the status hearing did not operate to suspend the time period which had already expired. *See State v. Roach*, 16-0734, p. 26 (La. App. 4 Cir. 5/10/17), 2017WL1927840 (unpubl.)(if the time limitation to commence trial has already expired, the prescriptive period is no longer running and cannot be suspended).

the control of state: "Given the seriousness of the charges and procedural journey of this case, and recognizing that none of the delays occasioned by the state was deliberate or designed to hamper the defense, it does not appear that the defendant's right to a speedy trial was violated." *Id.*, 04-1142, p. 13 (La. App. 4 Cir. 7/27/05), 913 So.2d at 851 (citations omitted).

In contrast, in *Rome*, 630 So.2d at 1288 (footnote omitted), the Supreme Court rejected the State's assertion that the time period to commence trial was suspended because the transfer of the record between the courts due to the granting of a change of venue motion by the Supreme Court was beyond their control. However, unlike the present case, the state took no action to speed up the transfer of the record, and the Supreme Court noted "the trial court judge wrote to the district attorney requesting his assistance in speeding up the transfer, but without apparent success." *Id.*, 630 So.2d at 1288.[15]

Distinct from *Rome*, the record before this Court reflects the State took assertive action from the time Defendant's second trial ended in a mistrial until the Defendant's third trial commenced to have the Section A case transferred to Section E. The record reflects numerous requests by the State and numerous orders issued by the district court judge in Section A for the transfer of the case to Section E. Thus, we conclude that the running of prescription from the June 24,

---

[15] *See also*, *State v. Joseph*, 637 So.2d 1032 (La. 1994), wherein the Supreme Court held that an unparticularized allegations of a crowded docket did not satisfy a cause beyond the state's control and explained that "[a]dministrative problems within the court system *generally* do not constitute causes of interruption beyond control of the state because '[t]he court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate.'" *Id.* at 1032-33 (quoting *State v. Driever*, 347 So.2d 1132, 1134 (La.1977))(emphasis added). In contrast, the record, in the case *sub judice*, shows that despite the State's actions and the district court's orders to transfer for the case, the case was not transferred until February 16, 2018.

2016 date was interrupted for a cause beyond the control of the State on October 7, 2016—when the transfer was requested—and did not commence to run anew until the record was received by Section E on February 16, 2018. Accordingly, the third trial, commenced on October 16, 2018, was timely.[16]

After reviewing the record before this Court and the applicable law, we find the district court did not abuse its discretion in denying Defendant's motion to quash. This assignment of error lacks merit.

## CONCLUSION

Based on the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED**.

---

[16] From June 24, 2016 until October 7, 2016 (the date of the interruption), three months and thirteen days elapsed in the one year time period. Once the interruption no longer existed, time started to run again on February 16, 2018. Trial commenced six months later on October 16, 2018, within the one year time period.